**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

JOHN HARGROVE,
PLAINTIFF

v.

REACH, PLC; MGN, LTD.
D/B/A MIRROR GROUP
NEWSPAPERS, LTD.; EXPRESS
NEWSPAPERS; AND
REACH US OP CO, LTD.,
DEFENDANTS

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No.: 5:25-cv-00064

**JURY TRIAL DEMANDED**

**SECOND AMENDED COMPLAINT**

Comes now John Hargrove ("Plaintiff") and for his Second Amended Complaint against

Reach, PLC; MGN, Ltd. d/b/a Mirror Group Newspapers, Ltd.; Express Newspapers; and Reach US

OP CO, Ltd. (collectively, "Defendants"), and would respectfully show as follows:

**PARTIES**

1.      Plaintiff John Hargrove is a United States Citizen, and at all relevant times has been, a

resident of Hays County, Texas where he conducts business and earns a living.

2.      Defendant Reach, PLC, is a United Kingdom Private Limited Company headquartered in the

United Kingdom at 1 Canada Square, Canary Wharf, London E14 5AP.   It has a principal place of

business in the United States at 19th Floor, 200 Liberty Street, New York, New York 10281.  "Reach

PLC is the parent company of a consolidated group of publishing entities, including MGN Ltd. and

Express Newspapers. According to Reach PLC's 2022 and 2024 Annual Reports, these subsidiaries

are wholly owned and operated under a centralized business model. See *Reach PLC, Annual Report*

*and Accounts 2024*, at 1–2; *MGN Ltd., Financial Statements for 2022*, at 5; *Reach plc, Annual Report*

*and Accounts 2022*, at 104. *The Daily Mirror*, *Daily Express*, and *Daily Star* are expressly identified

in these filings as controlled Reach brands. See also *The Guardian*, Feb. 28, 2018, at p. 1; CCPC

1

Merger Notice M/18/016 (confirming acquisition of Northern & Shell publishing assets by Reach PLC)."

3.      Defendant MGN, Ltd., a wholly owned subsidiary of Reach, PLC, is a United Kingdom Private Limited Company headquartered at 1 Canada Square, Canary Wharf, London E14 5AP. "The principal activity of the company MGN Ltd. is newspaper publishing. The company is a wholly owned subsidiary of Reach PLC." MGN Ltd. Company Accounts, Year Ended December 31, 2022, filed with Companies House, UK (Company No. 00045161). MGN Ltd., Annual Accounts (2022), Companies House (UK), Company No. 00045161, p. 5. "MGN Limited publishes *The Daily Mirror*, *Sunday Mirror* and *The People*." Reach PLC Annual Report 2022, at p. 104 (subsidiary listing).

4.      Express Newspapers, a wholly owned subsidiary and division of Reach, PLC, is a United Kingdom Private Limited Company headquartered at 1 Canada Square, Canary Wharf, London E14 5AP. It has a principal place of business in the United States at 19th Floor, 200 Liberty Street, New York, New York 10281.   "*Trinity Mirror* completed its £126.7m purchase of the publishing assets of Northern & Shell, which includes the *Daily Express*, *Sunday Express*, *Daily Star* and *OK! Magazine*. The deal includes a 100% stake in the publishing activities of Northern & Shell Network Limited." *The Guardian*, "Trinity Mirror completes purchase of Express and Star newspapers," February 28, 2018. *The Guardian*, Feb. 28, 2018, p. 1. "Following the acquisition, the Group changed its name to Reach PLC in May 2018." *Reach PLC Annual Report* at p. 6.   Express Newspapers (and its titles such as the *Daily Star* and *Daily Express*) became part of the Reach PLC corporate group in 2018.

5.      Reach US OP CO, Ltd., a wholly owned subsidiary and United States-based affiliate of Reach, PLC, has a principal place of business in the United States at 19th Floor, 200 Liberty Street, New York, New York 10281.  "*Mirror US*, launched by Reach in July 2023, is part of a global strategy to grow international audiences…. "[Reach PLC's] New York-based editorial team delivers

content to U.S. readers." *Reach PLC Half-Year Results 2023*, Statement by Chief Executive Officer Jim Mullen. Reach PLC, Half-Year Financial Results (H1 2023), CEO Statement, p. 4.  Reach PLC operates a U.S.-based editorial operation through a New York office, and has functional control of its U.S. entity, Reach US Op Co., Ltd.

6.      All Defendants have been timely served with this lawsuit, have filed answers, and are properly before this Court.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), as this action arises under the Copyright Act of 1976, 17 U.S.C. § 101 et seq.

8.      This Court has personal jurisdiction over each of the Defendants named below because they have purposefully directed their activities toward the State of Texas, committed tortious acts—specifically copyright infringement—that caused injury in Texas, and/or maintain business operations that target U.S. (and Texas-based) audiences.

9.      Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District, including the injury caused by Defendants' unlawful publication of copyrighted photographs owned by Plaintiff, a Texas resident.

10.      Defendant Reach PLC is a United Kingdom-based Public Limited Company, incorporated under the laws of England and Wales (Company No. 00082548), with its principal place of business at One Canada Square, Canary Wharf, London, England. Reach PLC is the parent company of all other Defendants and exerts centralized control over editorial policies, publication strategy, and global branding.  "[Reach PLC's] Annual Report contains consolidated financial statements [for all Defendants] … prepared in accordance with UK-adopted international accounting standards ('IFRS') … Transactions, balances, income and expenses are eliminated on consolidation." Reach PLC, Annual Report and Accounts 2024, Notes to the Financial Statements, at Section 1 (Basis of

Consolidation). "All subsidiaries are wholly owned unless otherwise indicated." Reach PLC, Annual Report and Accounts 2022, at 104.

11.     Defendant MGN Ltd., a private company limited by shares (Company No. 00045161), is a wholly owned subsidiary of Reach PLC. It operates the *Daily Mirror*, *Sunday Mirror*, and *Mirror US*, the digital version of its brand directed to American readers. The infringing photographs that form the basis of this lawsuit were published on websites operated or managed by MGN Ltd.

12.     Defendant Express Newspapers is a business division within Reach PLC. Reach acquired the *Express* and *Star* titles in 2018 and integrated them into its centralized publishing structure. Express Newspapers publishes the *Daily Express*, *Sunday Express*, and *Daily Star*. *The Daily Star* article that reproduced Plaintiff's copyrighted photographs without authorization was published under this division's banner.

13.     Defendant Reach US Op Co., Ltd. is a U.S.-based affiliate of Reach PLC with operational offices located in New York, New York. It is the publishing entity responsible for U.S.-oriented content, including *Mirror US*, and functions as the digital and editorial arm of Reach PLC's U.S. operations. Content appearing on *Mirror US* is produced and edited by Reach US Op Co. Ltd. in conjunction with Reach PLC's global editorial direction.

14.     Upon information and belief, Defendants jointly maintain and operate interactive websites— including www.mirror.co.uk and www.dailystar.co.uk—that are accessible in Texas, generate advertising revenue from Texas users through geotargeted advertising, and offer paid subscription options accessible to U.S. residents. *"We're also launching in the US, a new market where we can get to know customers; investing in our new youth-focused brand Curiously; and exploring opportunities like ecommerce and subscriptions, which generate revenue beyond traditional advertising.* It's this sort of diversification, driven by our strategy, that adds resilience to our digital revenue streams." *Reach PLC, Annual Report and Accounts* 2022, at 31.

4

15.    Defendants, through their journalists, including Jane Fryer (*Mirror*), intentionally contacted Plaintiff in Texas to request permission to use specific photographs that were later published without consent.  Ms. Fryer knew at the time they contacted Plaintiff that he was a Texas resident who started and ended his whale-training career in Texas and earned a living in Texas.  These communications reflect actual knowledge of Plaintiff's residence in Texas and the foreseeable harm their actions would cause here.  Moreover, Plaintiff, in 2016, did approve the use of one of his copyrighted photographs not at issue in this lawsuit for usage in a Reach PLC publication related to his book *Beneath the Surface* and his appearance in the documentary *Blackfish*, both of which feature Plaintiff as a trainer at SeaWorld San Antonio in Texas.  Defendants knew that Plaintiff lived in Texas, owned the copyrights to the photos in his book, and previously sought permission to use another photograph prior to using the photos at issue in this lawsuit without Plaintiff's permission.

16.    Defendant MGN Ltd. who publishes *The Daily Mirror,* was informed of Plaintiff's Texas residency through direct correspondence with its staff and others such as Gabrielle Gantz, one of Plaintiff's literary publicists from St. Martin's Press, who had contact information for Plaintiff. Despite this, *The Daily Mirror* published two additional articles, one in May and one in August of 2022, containing unauthorized images—making its tortious conduct intentionally directed at Texas, satisfying the *Calder v. Jones*, 465 U.S. 783 (1984) effects test.

17.    Plaintiff's injury occurred in Texas, where he resides and conducts business. The economic, reputational, and emotional harm resulting from Defendants' infringement was suffered within this forum.  Plaintiff learned of these usages and subsequent usages via access to *The Daily Mirror* and *The Daily Star* websites.

18.    Furthermore, Defendants collectively operate under a centralized global strategy controlled by Reach PLC, as evidenced by their public branding, executive oversight, and public statements. For example, all Defendants list One Canada Square, London as their headquarters (except Reach

US Op Co., Ltd.), share corporate officers, have one person, Nicola Schroeder, as General Counsel for all entities, and publicly describe themselves as "Reach brands," with statements like "Reach is home to over 120 national and regional news brands including *Mirror* and *Express*." See Doc. 25-1 ¶¶ 6–9, 19–21.

19.    Based on the centralized control, operational integration, and disregard of corporate separateness as to editorial control and global publishing strategy, Plaintiff alleges that Reach PLC, MGN Ltd., Express Newspapers, and Reach US Op Co., Ltd. operate as a single business enterprise or alternatively satisfy the alter ego standard under federal common law and Texas law. See *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983); *Sell v. Universal Surveillance Sys., LLC*, No. 1:16-CV-660-RP, 2017 WL 3712188, at 2 (W.D. Tex. July 6, 2017).  Accordingly, each Defendant is subject to specific personal jurisdiction in Texas for purposes of this lawsuit.

20.    Reach PLC is a public limited company headquartered at One Canada Square, Canary Wharf, London, England, E14 5AP. It is listed on the London Stock Exchange (Ticker: RCH.L) and is one of the UK's largest commercial news publishers, with over 120 national, regional, and local print and digital media brands. Reach publishes titles such as *Daily Mirror, Daily Express, Daily Star*, and numerous regional newspapers. Reach PLC was formerly known as Trinity Mirror PLC from 1999 until its rebranding in 2018 after major acquisitions.

21.    MGN Ltd. d/b/a Mirror Group Newspapers (Subsidiary/Brand Division) MGN Ltd. (often described as doing business as Mirror Group Newspapers) is a subsidiary or controlled operating division within the Reach PLC corporate group responsible for publishing *The Daily Mirror, Sunday Mirror*, and related Mirror newspaper titles—including *The Mirror US* as an international digital brand. *The Daily Mirror, Sunday Mirror*, and *The Mirror US* appear on company lists of Reach titles; Reach is the ultimate owner and controller of these brands. MGN Ltd. operates under Reach PLC's

6

broader corporate umbrella as the publishing arm for national and online "Mirror" brands, aligning editorial and digital functions within the parent group.

22.     Express Newspapers is the business unit under the Reach PLC banner that publishes *Daily Express, Sunday Express, Daily Star*, and *Daily Star Sunday*. These titles were acquired by Reach PLC (then Trinity Mirror) in February 2018 from Northern & Shell, after which the parent company rebranded to Reach PLC. *The Daily Express* titles remain flagship publications under Express Newspapers, but Reach PLC is their ultimate corporate owner. *Daily Express* and sister publications continue as Reach PLC titles.   Express Newspapers is a subsidiary/operating division under Reach PLC focused on *Express* and *Star* newspaper brands.

23.     Reach US Op Co., Ltd. (Affiliate/U.S. Operational Entity)  There is limited publicly available registry information on Reach US Op Co., Ltd. itself, but it is commonly named in legal filings as a U.S. affiliate or subsidiary associated with Reach PLC's operations in the United States. Reach PLC has publicly announced expansion of its *Mirror U.S.* and *Express* digital sites run out of offices in the U.S., including New York, indicating formal corporate presence or affiliates handling U.S. operations.  Reach US Op Co., Ltd. is understood—based on how the name is used in pleadings and corporate references—to be an affiliate entity within the Reach corporate structure that conducts U.S.-targeted editorial and digital publishing under the Reach PLC brand.  Reach PLC Describes Itself as a Unified Media Group.  "Reach is the UK's largest commercial news publisher, with over 120 national, regional and local media brands including the *Mirror, Express*, and *Star*. Reach PLC Annual Report* 2022, at p. 2.  "Our editorial, technology and commercial teams are increasingly working in an integrated fashion across brands and platforms." *Reach PLC Annual Report 2022*, at p. 14.  In short, Reach PLC asserts centralized operational control over all of its brands, including all Defendants in this litigation. Reach PLC exerts unified corporate control over all Defendants and functions as a single business enterprise.

24.     Reach PLC and its publishing subsidiaries operate with centralized management and unified control over editorial, licensing, and digital distribution functions relevant to the copyright infringement alleged in this action. Public corporate records show that Darren Fisher, a director of Reach PLC, simultaneously serves as an officer of MGN Limited, Mirror Group Newspapers Limited, and Express Newspapers, and that Piers Michael North, also a director of Reach PLC, concurrently serves as an officer of MGN Limited and Express Newspapers. These overlapping officer appointments demonstrate that the same senior executives exercised decision-making authority and operational control across the parent and subsidiary entities with respect to the selection, publication, and monetization of content.

25.     In addition to these officers, Defendants employ the legal services of Nicola Schroeder as "Group General Counsel for Reach PLC".  Ms. Schroeder has submitted an affidavit with this Court purporting to speak on behalf of all Defendants, including knowledge of each entity's relation to the others, their corporate structure, and their internet presence and marketing. Doc. 25-1.  Employing one person as "Group General Counsel" to speak on behalf and to represent the legal interests of all Defendants further supports the overlapping nature of these entities' operations and the control over all of them by the same people.

26.     Through this common management structure, the subsidiary entities acted as the agents and instrumentalities of Reach PLC and Reach PLC exercised dominion and control over the conduct that resulted in the unauthorized reproduction, public display, and distribution of Plaintiff's copyrighted works. The entities therefore functioned as a single integrated enterprise, and the corporate separateness among them was not observed in practice as to the infringing activities. Accordingly, Reach PLC is liable for the infringing acts of its subsidiaries under theories of alter ego, agency, vicarious liability, and contributory copyright infringement.

27.    This Court has specific personal jurisdiction over Defendants because they purposefully directed infringing conduct toward Texas by authorizing, controlling, and profiting from the digital publication and distribution of copyrighted content that was intentionally made available to, accessed by, and consumed by users within this District. The infringement caused foreseeable and actual harm in Texas, where Plaintiff's copyrighted works were unlawfully displayed and exploited. Jurisdiction over Reach PLC is independently proper under agency and alter-ego principles, as its subsidiaries acted within the scope of their authority as Reach PLC's agents, and their Texas-directed conduct is therefore attributable to the parent. Reach PLC's centralized control over content and licensing decisions establishes a substantial connection between Reach PLC and this forum sufficient to satisfy due process.

## FACTS COMMON TO ALL CLAIMS

28.    John Hargrove is a former Senior Killer Whale Trainer for SeaWorld. His fourteen-year career spans both SeaWorld of California and SeaWorld of Texas, where he was promoted to the highest-ranking Senior Trainer. Hargrove also has an international reputation, having been a supervisor of killer whale stadium with MarineLand in the south of France.  He was one of the last killer whale trainers in history.  The job he performed, interacting with killer whales both in and out of the water and as depicted in the images made the basis of this lawsuit, no longer exists, making his experience and the documentation of his career historically significant.

29.    Hargrove starred in the hit documentary *Blackfish* which premiered at the 2013 Sundance Film Festival.  His memoir, *Beneath the Surface* was published by Macmillan in 2015 and became an award-winning *New York Times* bestseller. Penguin Random House secured his audiobook worldwide English rights, and his book has also been published in China and South Korea.  Hargrove has been an invited guest speaker in Europe on panels that included members of the European Parliament for many prominent companies such as Google, and at universities such as The Fashion

Institute of Technology in NYC, and Georgetown University.

30.     Since November of 2014, Plaintiff has held the exclusive rights to the photographs made the basis of this lawsuit.

31.     Plaintiff is the lawful owner of U.S. Copyright Registration Number TX0008011406., registration date April 10, 2015. That copyright is for the book *Beneath the Surface: Killer Whales, SeaWorld, And the Truth Beyond Blackfish*. (*Beneath*). *Beneath* contains images exclusively owned by Plaintiff, including the photos made the basis of this lawsuit.  Any and all rights to use these images were and are owned by John Hargrove, a Texas resident.

32.     Plaintiff has full ownership and authority to use, duplicate and license the book and its contents, including the photographs.  The photographs are valuable assets, and Plaintiff has come to rely on such licensing of his intellectual property as a part of his livelihood.

33.     Reach, PLC, is the United Kingdom's and Ireland's largest commercial news publisher.  It publishes over 130 brands, from national titles like *The Mirror*, *Express*, *Daily Record,* and D*aily Star*.  It also publishes local United Kingdom brands such as *MyLondon, BelfastLiv*e, and the *Manchester Evening News*.  Reach PLC launched United States titles including *Mirror US*. Every month, 48 million people, print and online, read one of its publications.  Its publications may be accessed via the Internet anywhere in the world.  Reach PLC operate for-profit business and earn money by publishing various publications all over the world, including Texas.

34.     "Reach PLC is the parent company of a consolidated group of publishing entities, including MGN Ltd. and Express Newspapers. According to Reach PLC's 2022 and 2024 Annual Reports, these subsidiaries are wholly owned and operated under a centralized business model. *See Reach PLC, Annual Report and Accounts 2024*, at 1–2; *MGN Ltd., Financial Statements for 2022*, at 5; *Reach PLC, Annual Report and Accounts 2022*, at 104. *The Daily Mirror, Daily Express*, and *Daily Star* are expressly identified in these filings as controlled Reach brands. *See also The Guardian*, Feb.

28, 2018, at p. 1; CCPC Merger Notice M/18/016 (confirming acquisition of Northern & Shell publishing assets by Reach PLC).”

35.    *The Daily Mirror* infringed and continues to infringe on Plaintiff's copyrights by using four of his protected images without license or authorization. On May 8, 2022, *The Daily Mirror* published an article entitled “Former SeaWorld trainer says, 'whales lead lives of desperation at orca prison,” by Ryan Fahey. Contained within the article are four images exclusively owned by Plaintiff. These are attached to this Complaint as Exhibit A.

36.    *The Daily Star* infringed and continues to infringe on Plaintiff's copyrights by using five of his protected images without license or authorization. On April 4, 2022, *The Daily Star* published an article entitled “US SeaWorld animals live in 'desperation that could lead to deadly attacks' – ex trainer,” written by Lottie Tiplady Bishop and Charles Wade Palmer. Contained within the article are five images exclusively owned by Plaintiff.  These are attached to this Complaint as Exhibit B.

37.    Just two months prior to the unauthorized publication, a journalist, Nada Farhoud, with *The Daily Mirror* reached out to Plaintiff and asked his permission to use any photos of him performing with killer whales at SeaWorld during his career.  Plaintiff gave  permission to use just one photograph with the proper photo credit.  This was done from Texas.

38.    The unauthorized images appear in Plaintiff's book *Beneath the Surface,* which is registered under United States Copyright law. (Registration TX0008011406).

39.    Plaintiff has held exclusive rights to the images published in the article since 2014. Neither *The Daily Mirror* nor *The Daily Star* had any communication with Plaintiff before the unlicensed use of his pictures.  Plaintiff did not authorize any agent, acquaintance, relative, or any other third party to consent to the usage of the images.  Plaintiff did not grant any license or give any permission to any third party to give permission to any Defendant for the use of the images.

40.    By the nature of its business and as evidenced by prior requests to Plaintiff to use his images,

11

*The Daily Mirror* and *Daily Star* and all Defendants understand the requirements of using copyright protected material or the image or likeness without authorization and have willfully and continue to willfully infringe on Plaintiff's rights.

41.    Plaintiff did not give *The Daily Mirror*, Ryan Fahey, *The Daily Star*, Lottie Tiplady Bishop, Charles Wade Palmer, the offending journalists, or any third party purporting to act on their behalf permission to use the images or his likeness and was not credited or compensated for their use.

42.    All Defendants operate under the banner of Reach PLC and all Defendants acted in furtherance of Reach PLC's interest at all times relevant.  Reach PLC is "home to over 120 trusted brands, from national titles like the *Mirror, Express, Daily Record* and *Daily Star*, to local brands like *MyLondon, BelfastLive* and the *Manchester Evening News*, as well as our US brands."[1]  Reach PLC is "home to over 120 trusted brands delivering news, sport and entertainment."[2]

43.    Reach PLC markets itself as "home to over 120 titles in the UK and Ireland, and now US. [Its] portfolio is unique, including iconic national titles such as the *Mirror, Express, Daily Star* and *Daily Record*, and local ones which sit at the heart of their communities. . . ".[3]

44.    Defendants monetize their digital news platforms through targeted advertising networks operated and promoted by Reach PLC. Through Reach Solutions, Defendants offer geographically and demographically targeted ad products across a centralized portfolio of over 120 brands. These ads are served to users in Texas through programmatic bidding systems using IP-derived location data. Given this intentional monetization of the Texas market, and the Defendants' launch of U.S.-specific publications operated from within the United States, Defendants have purposefully availed themselves of the benefits and protections of doing business in Texas. Defendants operate

---

[1] https://www.reachplc.com/about-us/at-a-glance

[2] *Id.*

[3] *Id.*

commercial news websites that are freely accessible to residents of Texas and the United States, including www.mirror.co.uk, www.express.co.uk, and www.dailystar.co.uk. These sites generate revenue through targeted advertising and data-driven placements for each Defendant.

45.    As mentioned above, Reach PLC operates a centralized advertising platform known as "Reach Solutions," which markets advertising products across Reach's entire portfolio of national and local news brands. Reach Solutions advertises its services as enabling geographic and demographic targeting of online users, through ad formats such as banners, homepage takeovers, and mobile-first displays.  "Our display advertising packages are designed to offer tailored solutions… across our network of regional and national news brands." *Reach Solutions, Advertising Services Overview*, *Reach Solutions Ltd., 2024*, internal publication by Reach PLC.

46.    Reach PLC and its subsidiaries have publicly promoted the effectiveness of placing advertisements on local news websites — including those operated under the Reach brand, MGN, and Express — noting that local digital platforms provide strong brand recall and trust metrics compared to social media and YouTube ads.  "In a study conducted in partnership with PA Consulting, local news advertising on Reach sites outperformed other media… leading to a 20% uplift in trust and 17% uplift in ad recall compared to the control group."  *Reach PLC and PA Consulting, "Advertising Effectiveness on Local News Sites"*, 2025, Reach Corporate Research Division, internal report summary published March 2025.

47.    Reach PLC has publicly stated that it "brings its brands to U.S. audiences," and launched *Mirror US* and *Express US* in 2023, operated by a U.S.-based editorial team in New York. These sites publish and distribute content specifically tailored to American readers and monetize that content through programmatic advertising.  "*Mirror US*, launched by Reach in July 2023, is part of our strategy to grow international audiences … Our New York-based editorial team delivers content to U.S. readers. *Reach PLC, Annual Report and Accounts 2024*, at p. 2.

13

48. These websites and their embedded advertisements are fully accessible to and regularly visited by residents of Texas and specifically target Texas customers featuring Texas-based businesses. Based on programmatic advertising protocols and geotargeting technology, advertisements served on these websites are often based on the geolocation of the user's IP address. When a Texas resident accesses a Reach website, Reach or its ad partners serve commercial content that may be tailored to Texas users or originate from U.S.-based advertising inventory. "Ad targeting on news sites is routinely performed through real-time bidding protocols that match user IP data with advertiser parameters, including location, interest, and behavior. Reach Solutions and its partners integrate with these systems across Reach's digital properties." *Digital Advertising Industry Standards Overview*, Adtech Europe Report, 2024, at pp. 4–6 (citing open RTB advertising structures).

49. Defendants market specifically to Texas residents via URL links embedded within the articles on their sites.   These links solicit business directly from Texas residents and focus on Texas-based businesses providing services to Texans.  Defendants use these geotargeted, localized ads to derive revenue from Texas customers, many of whom are based solely in Texas or maintain their largest presence in Texas.  These businesses include:

- Texas Auto Insurance
- Fanyil (ear protector hats offered in Dallas)
- Insure.com
- OTTO Insurance
- Dallas, Texas Banks (Savingspro)
- Veteran's cap- (Glosritystore) "Breaking all sales records in Dallas"
- Texas: Walk-in Tubs
- E- Harmony Dallas, Texas
- Asian Souls (Singles wanting to date in Dallas)
- SecretMeet (Mature Women in Texas)
- Korean Dates (Singles in Texas)
- MariaDates (Mature Ladies looking in Dallas)
- Eastern Honeys (Ladies in Texas)
- Top 5 Dashcams in the US
- Kroger (Operates in only in 14 states with Texas having the most stores. None in New York)

- Costco (Texas is #2 for the most locations in the US)

(See Exhibit C, *Screenshots*)

50.	MGN Ltd. (*Daily Mirror & Mirror US*) published articles on May 8, 2022, (*Daily Mirror*) and later through *Mirror US* using Plaintiff's copyrighted photographs without license.  Journalist Ryan Fahey authored the article; MGN Ltd. was previously aware of Plaintiff's Texas residence through a March 2022 communication and a published article in *The Daily Mirror* regarding a copyrighted image published by another *Mirror* journalist, Ms. Farhoud.  MGN Ltd. used Plaintiff's likeness and copyrighted images for profit, embedding Texas-targeted ads in the infringing articles.

51.	Express Newspapers (*Daily Star*) On April 4, 2022, Express Newspapers published Plaintiff's copyrighted images via *The Daily Star*.  Articles were authored by Charles Wade-Palmer and Lottie Tiplady Bishop and accessed by Plaintiff in Texas.

52.	Reach US Op Co., Ltd. (*Mirror US*) *Mirror US* is operated by Reach US Op Co., Ltd., targeting U.S. audiences with U.S.-specific editorial content.  *Reach PLC's 2024 Annual Report* states: "Our New York-based editorial team delivers content to U.S. readers.".  The US Op Company is responsible for all digital publishing in the United States.

53.	Reach PLC centrally controls editorial policy, content selection, and ad monetization across all its subsidiaries.  Reach PLC benefits from and profits off the digital content at issue, which was jointly created, distributed, and monetized by its subsidiaries.

**<u>CLAIM ONE AGAINST ALL DEFENDANTS</u>**

**<u>JOINT VENTURE</u>**

54.	Plaintiff realleges the allegations of Paragraphs 1 through 53 of this Complaint as is fully set forth herein.

55.	At all times relevant to the allegations in this Complaint, all Defendants had an agreement, a joint interest in a common business, an understanding that profits and losses will be shared, and a

right to joint control.  As such, all Defendants were engaged in a Joint Venture and are liable for Plaintiff's injuries and damages.  All Defendants operate under the banner of Reach PLC and all Defendants acted in furtherance of Reach PLC's interest at all times relevant.  Reach PLC is "home to over 120 trusted brands, from national titles like the *Mirror, Express, Daily Record* and *Daily Star*, to local brands like *MyLondon, BelfastLive* and the *Manchester Evening News*, as well as our US brands."[4]  Reach PLC is "home to over 120 trusted brands delivering news, sport and entertainment."[5]

56.     Reach PLC markets itself as "home to over 120 titles in the UK and Ireland, and now US. [Its] portfolio is unique, including iconic national titles such as the *Mirror, Express, Daily Star* and *Daily Record*, and local ones which sit at the heart of their communities. . . ".[6]

## CLAIM TWO AGAINST ALL DEFENDANTS

## JOINT ENTERPRISE

57.     Plaintiff realleges the allegations of Paragraphs 1 through 56 of this Complaint as is fully set forth herein.

58.     At all times relevant to the allegations in this Complaint, an agreement, express or implied, among the members of the group existed between all Defendants.  All Defendants shared a common purpose to be carried out by the group, a community of pecuniary interest in that purpose among the members; and an equal right to a voice in the direction of the enterprise, which gives an equal right of control.  As such, all Defendants were engaged in a Joint Enterprise and are liable for Plaintiff's injuries and damages.

---

[4] https://www.reachplc.com/about-us/at-a-glance

[5] *Id.*

[6] *Id.*

59.    As stated above, Reach PLC is "home to over 120 trusted brands, from national titles like the *Mirror, Express, Daily Record* and *Daily Star*, to local brands like *MyLondon, BelfastLive* and the *Manchester Evening News*, as well as our US brands."[7]  Reach PLC is "home to over 120 trusted brands delivering news, sport and entertainment."[8]  Reach PLC markets itself as "home to over 120 titles in the UK and Ireland, and now US.  [Its] portfolio is unique, including iconic national titles such as the *Mirror, Express, Daily Star* and *Daily Record*, and local ones which sit at the heart of their communities. . . ".[9]

60.    In sum, these Defendants run a worldwide publishing operation with a global reach.  They publish, distribute, and profit from the publication and distribution of dozens of brands across the world and specifically targeted Texas customers and derived revenue from Texas.

## CLAIM THREE

## INFRINGEMENT OF A FEDERALLY REGISTERED COPYRIGHT (17 U.S.C.A. § 501)

### (Against Reach Defendants and Express Newspapers Defendants)

61.    Plaintiff realleges the allegations of Paragraphs 1 through 60 of this Complaint as is fully set forth herein.

62.    All Defendants infringed upon Plaintiff's copyrights, including and without limitation, by actually copying in the publication of Plaintiff's images without proper licensing.

63.    Defendants' use of the infringing imagess is without permission or authority from Plaintiff and has caused damage to Plaintiff.

64.    Defendants used the infringing imagess with constructive notice of Plaintiff's registration under The Copyright Act.

---

[7] https://www.reachplc.com/about-us/at-a-glance

[8] *Id.*

[9] *Id.*

65.     Defendants have continued to use the infringing imagess and had both constructive and actual notice of Plaintiff's copyrights.

66.     By engaging in the complained-of conduct, Defendants willfully and actually copied Plaintiff's Copyright-protected images without Plaintiff's consent, violating 17 U.S.C.A. § 501.

67.     Upon information and belief, by its acts, Defendants made and will make profits and gains to which it is not in law or equity entitled.

68.     Upon information and belief, Defendants intend to continue their infringing acts and will continue to willfully infringe Plaintiff's copyrights unless restrained by this Court.

69.     Defendants' actions have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damages to Plaintiff, his business, his reputation, and his goodwill because Plaintiff has no adequate remedy at law.

70.     Defendants' actions were willful and subject to enhanced statutory damages under 17 U.S.C. § 504.

## CLAIM FOUR

## INFRINGEMENT OF A FEDERALLY REGISTERED COPYRIGHT (17 U.S.C.A. § 501)

71.     Plaintiff realleges the allegations of Paragraphs 1 through 70 of this Complaint as is fully set forth herein.

72.     Defendants in their publication *The Daily Mirror* infringed upon Plaintiff's copyrights, including and without limitation, by actually copying in the publication of Plaintiff's images without proper licensing.

73.     Defendants' use of the infringing imagess is without permission or authority from Plaintiff and has caused damage to Plaintiff.

74.     Defendants in their publication *The Daily Mirror* used the infringing imagess with constructive notice of Plaintiff's registration under The Copyright Act.

75.    Defendants in their publication *The Daily Mirror* continued to use the infringing imagess and had both constructive and actual notice of Plaintiff's copyrights.

76.    By engaging in the complained-of conduct, Defendants in their publication *The Daily Mirror* willfully and actually copied Plaintiff's Copyright-protected images without Plaintiff's consent, violating 17 U.S.C.A. § 501.

77.    Upon information and belief, by their acts, Defendants in their publication *The Daily Mirror* had made and will make profits and gains to which they are not in law or equity entitled.

78.    Upon information and belief, Defendants in their publication *The Daily Mirror* intend to continue their infringing acts and will continue to willfully infringe Plaintiff's copyrights unless restrained by this Court.

79.    Defendants in their publication *The Daily Mirror* have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damages to Plaintiff, his business, his reputation, and his goodwill because Plaintiff has no adequate remedy at law.

80.    Defendants in their publication *The Daily Mirror* were willful and subject to enhanced statutory damages under 17 U.S.C. § 504.

## CLAIM FIVE

## INFRINGEMENT OF A FEDERALLY REGISTERED COPYRIGHT (17 U.S.C.A. § 501)

81.    Plaintiff realleges the allegations of Paragraphs 1 through 80 of this Complaint as is fully set forth herein.

82.    Defendants in their publication *The Daily Star* infringed upon Plaintiff's copyrights, including and without limitation, by actually copying in the publication of Plaintiff's images without proper licensing.

83.    Defendants' use of the infringing images is without permission or authority from Plaintiff and has caused damage to Plaintiff.

84.    Defendants in their publication *The Daily Star* used the infringing images with constructive notice of Plaintiff's registration under The Copyright Act.

85.    Defendants in their publication *The Daily Star* continued to use the infringing images and had both constructive and actual notice of Plaintiff's copyrights.

86.    By engaging in the complained-of conduct, Defendants in their publication *The Daily Star* willfully and actually copied Plaintiff's Copyright-protected images without Plaintiff's consent, violating 17 U.S.C.A. § 501.

87.    Upon information and belief, by their acts, Defendants in their publication *The Daily Star* made and will make profits and gains to which it is not in law or equity entitled.

88.    Upon information and belief, Defendants in their publication *The Daily Star* intend to continue its infringing acts and will continue to willfully infringe Plaintiff's copyrights unless restrained by this Court.

89.    Defendants in their publication *The Daily Star* have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damages to Plaintiff, his business, his reputation, and his goodwill because Plaintiff has no adequate remedy at law.

90.    Defendants in their publication *The Daily Star* were willful and subject to enhanced statutory damages under 17 U.S.C. § 504.

## CLAIM SIX

## INFRINGEMENT OF A FEDERALLY REGISTERED COPYRIGHT (17 U.S.C.A. § 501)

91.    Plaintiff realleges the allegations of Paragraphs 1 through 90 of this Complaint as is fully set forth herein.

92.    Defendants in their publication *The Mirror US* infringed upon Plaintiff's copyrights, including and without limitation, by actually copying in the publication of Plaintiff's images without proper licensing.

20

93. Defendants' use of the infringing images is without permission or authority from Plaintiff and has caused damage to Plaintiff.

94. Defendants in their publication *The Mirror US* used the infringing images with constructive notice of Plaintiff's registration under The Copyright Act.

95. Defendants in their publication *The Mirror US* continued to use the infringing images and had both constructive and actual notice of Plaintiff's copyrights.

96. By engaging in the complained-of conduct, Defendants in their publication *The Mirror US* willfully and actually copied Plaintiff's Copyright-protected images without Plaintiff's consent, violating 17 U.S.C.A. § 501.

97. Upon information and belief, by its acts, Defendants in their publication *The Mirror US* made and will make profits and gains to which it is not in law or equity entitled.

98. Upon information and belief, Defendants in their publication *The Mirror US* intend to continue their infringing acts and will continue to willfully infringe Plaintiff's copyrights unless restrained by this Court.

99. Defendants in their publication *The Mirror US* have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damages to Plaintiff, his business, his reputation, and his goodwill because Plaintiff has no adequate remedy at law.

100. Defendants in their publication *The Mirror US* were willful and subject to enhanced statutory damages under 17 U.S.C. § 504.

### CLAIM SEVEN

### INFRINGEMENT OF A FEDERALLY REGISTERED COPYRIGHT (17 U.S.C.A. § 501)

101. Plaintiff realleges the allegations of Paragraphs 1 through 95 of this Complaint as is fully set forth herein.

102. MGN, LTD and Express Newspapers infringed upon Plaintiff's copyrights, including and

without limitation, by actually copying in the publication of Plaintiff's images without proper licensing.

103.   Defendants' use of the infringing images is without permission or authority from Plaintiff and has caused damage to Plaintiff.

104.   MGN, LTD and Express Newspapers used the infringing images with constructive notice of Plaintiff's registration under The Copyright Act.

105.   MGN, LTD and Express Newspapers continued to use the infringing images and had both constructive and actual notice of Plaintiff's copyrights.

106.   By engaging in the complained-of conduct, MGN, LTD and Express Newspapers willfully and actually copied Plaintiff's Copyright-protected images without Plaintiff's consent, violating 17 U.S.C.A. § 501.

107.   Upon information and belief, by its acts, MGN, LTD and Express Newspapers had made and will make profits and gains to which it is not in law or equity entitled.

108.   Upon information and belief, MGN, LTD and Express Newspapers intends to continue their infringing acts and will continue to willfully infringe Plaintiff's copyrights unless restrained by this Court.

109.   The MGN, LTD's and Express Newspapers' actions have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damages to Plaintiff, his business, his reputation, and his goodwill because Plaintiff has no adequate remedy at law.

110.   MGN, LTD's and Express Newspapers' actions were willful and subject to enhanced statutory damages under 17 U.S.C. § 504

## PRAYER FOR RELIEF

111.   Plaintiff demands judgment against Defendants as follows:

   a.      Finding that Defendants have violated 17 U.S.C.A. § 501 and 17 U.S.C.A. §

22

504(c)(2) of The Copyright Act.

b.      An injunction preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from: using Plaintiff's copyrighted images in connection with the publication of articles; engaging in any other activity that would infringe on Plaintiff's copyrights,

c.      An Award to Plaintiff of statutory damages equal to at least $1,350,000.00 by The Copyright Act (17 U.S.C.A. § 504(c)(2)).

d.      Awarding Plaintiff his costs and attorney's fees, investigatory fees, and expenses to the full extent provided by The Copyright Act 17 U.S.C.A. § 505.

e.      Requiring Defendants to remove Plaintiff's images from all of their publications.

f.      Awarding Plaintiff prejudgment interest on any monetary award made part of the judgment against Defendants.

g.      Awarding Plaintiff such additional and further relief as the Court deems just and proper.

Dated: Kendall County, Texas

December 30, 2025

*/s/Dennis C. Postiglione*

_____
Dennis C. Postiglione (Pro Hac Vice)
SBOT # 24041711
**THE CASAS LAW FIRM, P.C.**
607 E. Blanco Road, #1724
Boerne, Texas 78006
P:  512-806-7699
F: 855-220-9626
E-mail: dennis@talentrights.law


*/s/Joseph N. Casas*

_____
Joseph N. Casas [CSB No. 225800]
**THE CASAS LAW FIRM, P.C.**
402 West Broadway Street, Suite 400
San Diego, California 92101
Telephone No.: (855) 267-4457
Facsimile No.: (855) 220-9626
E-Mail: joseph@talentrights.law

**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2025 , I served the foregoing by email counsel for

Defendants as listed below via ECF.

Adam Bowser
Ross Panko
Arent Fox Schiff, LLP
1717 K Street, NW
Washington, D.C. 20006
(202) 857-6000 ph.
(202) 857-6395 fx.
adam.bowser@afslaw.com
ross.panko@afslaw.com

**Attorneys for all Defendants**

*/s/Dennis C. Postiglione*

Dennis C. Postiglione